John Eric Anderson          §     IN THE

Appellant,                  §   15th Court of

                            §      Appeals

Vs,                         §

                            §   Cause No.

State of Texas, Et. AL.     §   15-25-00132-CV

Appellees,                  §

From The 98th District Court, Travis County,

Texas, Cause No. D-1-GN-25-001988

John Eric Anderson, Pro Se

3695 FM 3514

Beaumont, Texas 77705

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS

NOV 10 2025

CHRISTOPHER A. PRINE
CLERK



i

# IDENTITIES OF PARTIES
## AND COUNSEL

Appellant:

John Eric Anderson
3695 FM 3514
Beaumont, Texas 77705

Appellee:

STATE OF TEXAS, By And Through its OFFICERS

Greg Abbott, Texas Governor, may be served via his official office: Texas Governor's office P.O. Box 12428 Austin, Texas 78711-2428;

Bobby Lumpkin, Executive Director, may be served via his official office: Texas Department of Criminal Justice P.O. Box 99 Huntsville Texas 77342;

Counsel of Record for Appellees

Kyle Perkins
SBOT No. 24144087
Assistant Attorney General
P.O. Box 12548, Capital Station
Austin, Texas 78711-2548

# TABLE OF Contents

Identities OF Parties And Counsel .... ii

Table OF Contents .... iv

Index OF Authorities .... V

STATEMENT OF THE CASE .... 1

Statement Regarding Oral Argument .... 3

Issues Presented .... 3

Statement OF Facts .... 4

Summary OF Argument .... 8

Argument .... 10

Prayer .... 25

Appendix IN Civil Cases

# INDEX OF AUTHORITIES

## CASES:

In AllCAT Claims SVC., L.P, 356 SW.3d 455 (TEX. 2011)....14

Bland INDEP. Sch. Vs. Blue, 34 SW3d 547 (TEX. 2000)...10

Cherne Industries, INC. Vs. Magallanes, 763 SW.3d 768
(TEX. 1989) ............................... 21

DeVillier Vs. TEXAS, 601 U.S. 285 (2024)..... 2,13

Hunt Vs. Bass 664 SW.3d 323 (TEX 1984)........ 12

MARSH united States, INC. Vs. Cook, 354 SW.3d 764
(TEX. 2011) ............................. 14

R.H. Vs. Smith 339 SW. 3d 756
(TEX. App. Dallas 2011)................ 20

SLAughter - House CASES, 83 U.S. 36 (1872)..., 10,14

Subaru OF AM. Vs. David Mc David Nissan, INC.,
84 SW. 3d 212 TEX. 2002............. 15

## Federal Code

42 USC § 1983 Civil Action For deprivation oF
Rights ...................................... 11

TEXAS Constitution
# Art. 1  Bill OF Rights

§ 17 TAKing FoR public USE; SpeciAl priviLeges and immunities; control oF Priviliges And Franchises............................ 1, 2, 8, 10, 11, 13, 18

§ 27 Right OF Assembly; Petition FoR Redress oF Grievance ..............................................9

STATUTES

TEX. Code OF CriminAl ProcedURE

Art. 1107 Procedure AFtER Conviction with out Death penalty ....................................... 11

TEX. Com. & Bus. Code 2.306.. ..................,6

TEX. Civil Practice & Remedies

Art. 14,004 Affidavit Related to pREvious Filings........17

Art. 101.57 Civil disobedience And certain intentional Torts ................................. 1, 8, 12, 23

Art. 101.58 LAnd owner's LiAbility ...............12

TEX. Gov. Code

§ 311.011 Common And Technical Usage Of Words

.......................................... 22

§ 311.031 Savings Provisions.......... 22

§ 508.143 Legal Custody.......... 5,14

§ 508.149 Inmates Inelligible For mandatory

Supervision.......................... 22

§ 508.283 Sanctions..............11,22

TEXAS Rules Of Civil Procedure

Rule 296 Request For Filings Of Facts And conclusions

of Law................................. 20

Rule 297 Time To send Filings of Findings of

Fact And Conclusions of Law.......... 20



## STATEMENT OF THE CASE

The Controversy in this case is very straight forward. Appellant has sued the STATE OF TEXAS for a TAKings CLAIM citing a claim based on INVERSE-CONDEMNATION as authorized by the TEXAS Const. Art. 1 § 17. By admissions, the STATE OF TEXAS took the Appellants property, as it claims, it is Allowed to do by LAW. It has however refused to OFFER compensation for the Taking

On Motion by the defendant TEXAS, the 98th District Court has prohibited the plaintiff from proceeding on a TAKings claim pursuant to TEX. Const. Art. 1 § 17, by verbally converting the claim to a TEXAS TORT claim pursuant to T.R.C.P. Art. 101.57.

1

The trial Court denied the plaintiff his constitutional Right to proceed with his constitutional claim, in opposition of The US. Supreme Court's Recent decision in DeVillier Vs. Texas 601 US. 285, 293 (2024). Further the court dismissed All claims with prejudice. The Appellant has continually Asserted that he has not Attempted to File A Texas Tort claim. But A Takings claim pursuant to Tex. Const. Art. 1 §17

Appellant's claim has been properly Asserted Against Texas, Via citation/service on the Governor And the Executive Director of TDCI. In Addition, both Officers have been provided notice of the Fully executed judgment multiple times, And opportunity to cure. Applicant is not currently confined pursuant to A lawfully executing judicial pronouncement, but An undocumented executive Action. The Record imforms of Notice of a Detention Fee,

2

Subject of the State's refusal to comply with
the terms of its own judgment.



STATEMENT REGARDING ORAL ARGUMENTS

Appellant waives oral argument unless granted
to the appellees.



ISSUES PRESENTED

Ground ONE:
Court violated Constitutional Right to assert
a Takings claim, in opposition to
U.S. Supreme Court precedent.

Ground TWO:
Refusal to file findings of facts and conclusions
of law is harmful as a matter of law

3

Ground THREE
Court Violated Constitutional Right by Refusing
to hear Motion For Summary Judgment
NO Evidence


(7)

STATEMENT OF FACTS
A. EVIDENCE OF PLEADINGS
~~A. Evidence of Pleadings~~


1. PlaintiFF was convicted oF (5) Felonies in
Cause Numbers F89-A1357-TR/ F89-98599-QR/
F89-98598-QR/ F89-98597/QR/ F89-A6245-JR in
the 265th District Court, Dallas TEXAS in December
oF 1989. PlaintiFF was sentenced to 35 years
confinement in the TEXAS DEPARTMENT OF Criminal
Justice (TDCJ)(DCR pg.9);

4

2. Plaintiff served the term of confinement from December of 1989, to December of 2004. Physically in various facilities within TDCJ Accumulating 15 FIAT years (DCR pg. 9);

3. Plaintiff, spent 14 years and approximately 8 months on mandatory supervision from December 2004 to August of 2018 or 2019 on mandatory supervison. As a matter of law, Plaintiff spent each, and everyday on mandatory supervision in the custody of the state, (TDCJ CID/BPP)(Tex. Gov. Code § 508.143 LEGAL CUSTODY) (DCR pg. 9);

4. Plaintiff, violated his parole. A Blue warrant was issued in 2018 or 2019. The Blue warrant terminated the Departments Supervision, and therefore it's custody. Plaintiff was out of Texas Custody For approximately (4) Days (DCR pg. 10);

5. Plaintiff, served the Remainder of his sentence on the TDCJ Richard Le-Blanc Unit and other various Facilities of TDCJ. Plaintiff's sentence was Fully Executed in December 24th of 2024. Yet, Plaintiff Remains in Custody of TDCJ. (DCR pg. 10)

6. Plaintiff, informed TDCJ of the Fully executed sentence to no avail. Bryan Collier the Executive Director was provided an OFFER in compromise ~~UCC 2-206~~ (UCC 2-206/ Tex. Com. & Bus Code 2.206) to ensure State law is complied within TDCJ, A

6

no cost option to RELEASE, OR to compensate the plaintiff $5,000 PER DAY FROM DECEMBER 25, 2024 to current date. (DCR pg. 11-13);

7. By REFusing to Address the issue, OR enforce the law, TEXAS through its Agents has unlawfully TAKEN and DESTROYED the plaintiffs property through INVERSE CONDEMNATION. (DCR pg. 15);

8. TEXAS has FORCIBLY taken Plaintiffs Freedom, Ability to EARN a living, And made him a ward of the State For the purpose of maintaining TDCJ's population count. TDCJ, the STATE oF TEXAS, Actively took, And takes Plaintiffs property For public use. (DCR pg. 15) Now the State must compensate plaintiff For his property;

7

## B. Judicial Notice

1. Judicial Notices Filled, July 1st 2025, and July 29, 2025 (DCR pg. 169, 192, 214, 220);

2. District Court Read And took Notice, (RR pg. 7 line: 10 - pg 8 line:16.)



## Summary OF Argument

The trial Court erroneously Reclassified the plaintiffs properly Filed Tex. Const. Art. 1 §17 Takings Claim Via INVERSE-CONDEMNATION, As A TEXAS TORT pursuant to Tex. Civil Prac. & Remedies Art. 101.57. In measuring the Defendant's plea to the jurisdiction, the Court

8

ERRONEOUSLY Ruled in the Defendant's FAVOR without lawful support, providing the defendant An undeserved win, And denying the plaintiff of his Right to petition For Redress of Grievance (TEX. Const. Art. 1 § 27).

Adding insult to injury, the District Court Refused to File A Findings of FActs, And Conclusions of Law despite proper Request, And despite the Fact that the defendant presented 8 claims For a dismissal in their plea to the juridiction. Applicant Assumes that the only Reason the trial court granted the plea to the juridiction was the court's ERRONEOUS Conclusions Regarding A TEXAS TORT being Relied upon For jurisdiction.

9

The Right to petition For Redress of grievance has been held to be a property Right. Labor has long been considered property. Slaughter-House Cases, 83 U.S. 36, 38 (1872). The Defendant's spoilation of plaintiff's Rights does not deminish the value of his property.



ARGUMENT

A. Ground ONE:
Court Violated Constitutional Right to Assert A TAKings Claim, in Opposition to U.S. Supreme Court precedent.

It is Axiomatic that A judge make decisions based on pleadings before the court. In the CASE oF A plea to the jurisdiction, it is Even more important to adhere to the pleading due to the Authorized limited scope oF Review.

The full weight of evidence is not before the court. Bland Indep. Sch. Dist. Vs. Blue, 34 S.W. 3d 547, 554 (Tex. 2000). That did not happen in this case.

Here, the defendants filed a dilatory plea to the jurisdiction complaining of the absence of jurisdiction related to Tex. Const. Art. 1 § 17; 42 USC § 1983; Tex. Gov. Code § 508.283, Tex. Code Crim. Proc. Art. 11.07, And non-compliance with Tex. Civil Prac. & Rem. Ch. 14.004. The plaintiffs primary claim was that of a taking by inverse-condemnation, authorized by Tex. Const. Art. 1 § 17.

Ultimately, this case was dismissed by the court having found no jurisdiction for a

11

TEXAS TORT CLAIM TCPR Art. 101.57. Nowhere in the plaintiff's petition is there a mention of a TEXAS TORT CLAIM under TCPR Art. 101.57, or 101.58. The court cited the absence of jurisdiction related to TCPR Art. 101.57 as reason for dismissal (RR. pg. 26 lines 11 thru 20). The court denied plaintiff his right to proceed with an Authorized Constitutional Challenge. The TEXAS SUPREME COURT, has previously identified that a judicial decision is a property right, sufficient to maintain standing.

Hunt Vs. BASS, 664 SW.2d 323, 324 (TEX 1984).

Plaintiff specifically refuted the 9 grounds raised by DEFENDANT's Plea to the jurisdiction (DCR pg. 125-132). Plaintiff cited multiple INVERSE-CONDEMNATION claims attributed to the defendant at (DCR pg. 126, 129, 140).

12

In Addition, plaintiff Filed a motion to take Judicial Notice (DCR pg. 173, 174, 175, 176, 178, 183, 190). This motion For Judicial Notice was offered, And Accepted by the trial court (RR pg. 8 Ln. 7-22). The Original Petition, And Judicial Notice present multiple Assertions that jurisdiction rest upon Tex. Const. Art. 1 §17, INVERSE-CONDEMNATION.

The state OF TEXAS RECENTLY conceded in the U.S. Supreme Court, that Art. 1 §17 provides An independant cause oF Action in State court when An Allegation oF INVERSE-CONDEMNATION is Alleged. (DeVILLIER Vs. STATE OF TEXAS, 601 U.S. 285, 293 (2024). Such Allegation is present At (DCR pg. 6, 16).

TEXAS LAW has long RECOgnized that goodwill, Although intangible is property, And is An intergal part oF the business just as its physical

13

Assets Are. Marsh # United States, INC. Vs. Cook, 354 S.W. 3d 764, 777 (TEX 2011).

"The right to labor, the right to one's self physically, and intellectually and to the product of one's own faculties, is past doubt property, And property of A sacred kind. Yet this property is destroyed by the Act; destroyed not by due process of law, but by charter; A grant of privilege of monopoly; which allows such rights in this matter to no one but to A favored "seventeen".
SLAUGHTER-HOUSE, 83 U.S. 36, 38 (1872).

"IF the grant of jurisdiction or relief authorized in the statute exceeds the limits of [TEX. Const. Art V]; [TEX Gov. Code § 508.143] then we simply exercise As much jurisdiction over the case As the Constitution allows, As we did in LOVE." IN RE All CAT. Claims SVC., LP, 356 S.W. 3d 455, 462 (TEX. 2011).

14

"A vested right is a property right, which the Constitution projects just like any other right. Middleton vs. Texas Power & Light Co., 108 Tex. 96, 185 SW. 556, 560 (Tex. April 26, 1916)" Subaru of Am. vs. David Mc. David Nissan, Inc., 84 SW. 3d 212, 219 (Tex. 2002).

The parties in the Slaughter-House could easily be substituted for T.D.C.J., and its unknown unaccountable officials who portend to take the applicant's property with out compensation. Even a convicted person has an expectation that the sentence he received is the sentence he will serve. The court should note that the 1989 convictions were disposed of via plea Bargain.

The applicant has other vested Rights, many of which are clearly announced in the Tex. Const. Art. 1 Bill of Rights.

15

The TAKings CLAim, DUE PROCESS, Right to petition For GRievance, Along with many more, ARE prominent Rights deFined therein.

The court with prompting, independantly, And ERRoneously decided that A TEXAS TORT was pled despite multiple ASSERTions to the contRARY (R.R. pg. 12 Ln. 1-2, pg. 20 Ln. 25). EVEN the deFendant Admitted that he had not pled A TEXAS TORT Claim deFense (R.R. pg. 15 Ln. 22-25), but when he saw a possible win, he chose to Keep silent. The plaintiFF certainly was not conFused:

5. MR Anderson: I didn't File A Tort Claim.
6. You Keep talking About A TORT Claim.
7. The Court: No, TORT means just Injury.
8. That's A Fancy legal word For injury
9. WE call TORTS Injury.

16

10. MR. Anderson: I Thought A TORT claim had to
11. do with A Automobile Accident.
12. The Court: That is the whole deal, At FIRst
13. you could not sue the sovereign. The King was sovereign. (RR. pg. 27)

Here we are, no closer to resolving the Takings claim.

The Trial court waived any challenge via TCPR 14.004 (R.R. pg. 19 Ln. 3-8), deciding Attempted Compliance. The defendant, Acquiesced to Supplement the 14.004 statement (RR pg. 19 Ln. 11-12).

Defendant Acquiesced that the court had jurisdiction for an Inverse-condemnation claim. (RR pg. 20 Ln. 6-13), but challenged the property claim. Factual review of the actual claim was beyond the scope of a plea to jurisdiction.

17

The court EXCEEDED its limited jurisdiction in the CASE OF A plEA to the jurisdiction. The court CREATED An independent cAuSE oF Action not petitioned by the plAintiFF, denying him his Constitutional Rights to present A TAKings claim ViA Tex. Const. ARt. 1 § 17. The judge's decision is clearly ERRONEOUS, And not based on the pleadings. THE DiSmiSSAL iS NOT SUPPORTED BY THE PLEADiNGS.

## REMEDY

A. AppellAnt REquest the court oF AppEAls Find FoR the plAintiFF, RenderS the decision the triAl court should hAve made, And REMAnds, the cAse back to the triAl court FoR triAl on DAMAGES.

B. Refusal to File Findings of Facts and Conclusions of Law is HARMFUL AS A MATTER OF LAW

"When properly requested the trial court has a mandatory duty to FILE Findings of Facts and Conclusions of Law. If a trial court does not File Findings of Facts and Conclusions of Law After a request has been properly made, it is presumed harmful unless the record affirmatively shows that the complaining party suffered No injury. The general rule is that a complaintant has been harmed if the Failure to File Finding of Facts and Conclusions of Law causes her to have to guess at the reason the trial court ruled Against her or prevents her from properly presenting her case to the appellate court. When only A single ground of recovery, or A single defense is presented to the trial court, the complaintant suffers no harm ... As the complaintant is not forced to guess the reason

19

For the trial court's decision." R.H. Vs. Smith, 339, S.W. 3d 756, 766 (Tex. App. Dallas 2011) internal citations omitted

In this case Appellant made multiple Attempts to have the trial court issue its Findings of Facts And Conclusions of Law. The trial court ordered DEFENSE Counsel to File Findings of Facts, but it still refused to Adopt such Findings.

Chronology
TRCP Rule 296 Request (DCR pg. 260-263);
Ordered that Defendant to File Proposed Findings (DRC pg. 270);
Order Denying Findings of Facts (DCR pg. 287);
TRCP Rule 297 Notice OF LATE Findings of Facts (DCR pg. 303-309);

20

"Because the trial Court's duty to File Findings of Facts And Conclusions of Law is mandatory, the Failure to respond when All request have been properly made is presumed harmful," "unless the record before the Appellate court Affirmatively shows that the complaining party has suffered No injury." Wagner Vs. Riche 147 Tex. 337, 343, 178 S.W. 2d 117, 120 (1944) Cherne Industries, Inc. Vs. Magallanes, 763 S.W. 2d 768, 773 (Tex. 1989).

The Court's Final order is Ambiguous in that it cites As justification the possibility of Tex. Civil Practice & Remedies Ch. 14 violation, And other pleadings. The Defendant's pleadings cite 9 reasons that the plea should be granted. During the hearing the judge Asserted he would not dismiss Anything under Chapter 14 Amendment. Multiple Ch. 14 Filings occurred. SEE: DR/DCR pg. 51-52 (7-16-2025); pg 145-148 (6-16-2025);

21

pg. 210-211 (7-16-2025). The Final Amendment is present at: (DCR pg. 276-280)(8-15-2025);

SEC. 311.031. SAVING PROVISIONS
In all cases, ordinary statutory construction would require that neither §508.149, or 508.283 would apply to the then executing 1989 sentence in keeping with the executing sentence at reinstatement. TEX. GOV, Code § 311.031, and § 311.011 apply in this case.

As cited in ground one, the appellant has never pursued a Texas Tort claim under TEX. civil PRAC. and Rem. Chapter 101. The court's order is Ambiguous (DCR pg. 221,287).

HERE Absent Agreement that TCRP Ch. 101.57 was the only REASON the court claims it had No Jurisdiction, conFusion Exist on the part of the Appellant.

C. Court violated Constitutional Right by Refusing to hear motion For Summary Judgment No Evidence.

HERE the trial court decided it would only hear a Jurisdictional challenge (RR 28 Ln. 9-20). The court ignored the plaintiffs properly Filed motion For Summary Judgment No Evidence Filed: (March 18th 2025) (DCR pg 57-72). Plaintiffs motion was Filed contemporaneously with the original Petition, well before the defendants Plea to the Jurisdiction (June 2, 2025) (DCR pg. 106-130) And was to be heard on the same day, as previously scheduled (DCR pg. 202)

23

The court should have decided the motion for Summary Judgment No Evidence. The defendant has clearly Admitted it committed the Taking (DCR pg 114-116), And has failed to otherwise Respond with other evidence to establish A material Fact in opposition to the plaintiffs claims.

## REMEDY

Appellant Request the Court of Appeals Find For the plaintiff, Renders the decision the trial court should have made, And Remands the case back to the trial court For trial on Damages.

24

# PRAYER

FOR premises considered, Applicant request that the Court of Appeals grant requested relief, and reverses the instant case for further proceedings.

Sincerely

*[signature]*

John Eric Anderson

~~Certificate of Service~~

25

# Certificate of Service

I, JOHN ERIC ANDERSON TDCJ# 552116 do hereby swear under penalty of purjury All the Above mentioned statements are true & correct and I have mailed a true copy of ~~the~~ this Brief to the Texas Attorney General / Asst Attorney General Kyle Perkins at P.O. Box 12548 Capital Station Austin, Texas 78711-2548 And A True Cope to the 15th Court of Appeals.

John Eric Anderson

# 552116

Le-Blanc Unit 3 Bldg G-10 B

3695 Fm 3514

Beaumont Tex. 77705

26

# Appendix

1. 98th District Court Order

CAUSE NO. D-1-GN-25-001988

| | | |
|---|---|---|
| JOHN ERIC ANDERSON,<br>*Plaintiff,* | §<br>§<br>§ | IN THE DISTRICT COURT |
| v. | §<br>§<br>§ | 98TH DISTRICT |
| STATE OF TEXAS, ET AL.,<br>*Defendant(s).* | §<br>§<br>§<br>§ | TRAVIS COUNTY, TEXAS |

## ORDER

On this day the Court considered defendants the State of Texas, the Texas Department of Criminal Justice ("TDCJ"), and TDCJ Executive Director Bryan Collier's (collectively, "Defendants") Plea to the Jurisdiction and Motion to Dismiss Pursuant to Chapter 14 of the Texas Civil Practice and Remedies Code. Having considered Defendants' motion along with the other pleadings filed herein, the Court orders the following:

It is hereby **ORDERED** that Defendants' motion is **GRANTED.**

It is further **ORDERED** that plaintiff John Eric Anderson's suit is dismissed with prejudice.

Signed this 31st day of July, 2025

_____
JUDGE PRESIDING
Don Burgess

1

m 3514
t, Texas 77705

RECEIVED IN
15th COURT OF APPEALS
AUSTIN, TEXAS

NOV 10 2025

CHRISTOPHER A. PRINE
CLERK

Fifteenth Court of Appeals - 235

P.O. Box 12852

Austin, Texas 78711

Legal mail